UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent Brandon,<br><br>    Plaintiff,<br>v.<br>L. Carmichael et al.,<br>    Defendants. | Civil No. 15cv2814 WQH (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

  Plaintiff Vincent Brandon, a prison inmate currently housed at Calipatria State Prison, filed a civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging the denial of medical care in violation of the Eighth Amendment, the Equal Protection Clause, the First Amendment, and under California Law. (Doc. 1, at 1-2.) Defendants have filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state any viable claims for relief. (Doc. 20.)

  This Report and Recommendation on Defendants' motion to dismiss is submitted to United States District Judge William Q. Hayes, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

# I.

# FACTUAL BACKGROUND

Plaintiff Vincent Brown, an inmate at Calipatria State Prison, is suing prison officials there for alleged violations of his civil rights. Plaintiff's claims arise out of treatment Plaintiff received at Calipatria for his hepatitis-C infection, which was diagnosed at Ironwood State Prison in 2013. (Doc. 1, at 4.) Plaintiff states that he was placed under the care of Defendant Dr. Estock, who sent Plaintiff for laboratory testing of his liver and ultrasound of his abdomen area. (Doc. 1, at 4.) Based on the results, Defendant Estock referred Plaintiff to a specialist, Hepatologist Dr. Alexander Shpaner, for two consultations via video. (Doc. 1, at 5.) Plaintiff states that Dr. Shpaner gave a detailed evaluation of Plaintiff's case in writing, where he concluded that although he would not normally recommend treatment to a person with stage 1 fibrosis, he found Plaintiff's case quite different and recommended treatment to start immediately to prevent cirrhosis of the liver. (Doc. 1, at 5-6.) Plaintiff states that Dr. Shpaner would prescribe Sovaldi daily, Pegasys, injected weekly, and Ribavirin twice a day for a 12-week duration. (Doc. 1, at 6.) Dr. Shpaner's recommendation was sent to Defendant Dr. Estock, who then commented that Dr. Shapner "has a propensity to overexaggerate" and that CDCR reserves the type of medical treatment suggested by Dr. Shpaner for those with liver disease at stages three and four due to the high cost of the medications. (Doc. 1, at 6.) Dr. Shpaner's recommendation was sent to the California Correctional Health Care Services' central Oversight Committee, headed by Defendant L. Carmichael, which denied Plaintiff the treatment suggested by Dr. Shpaner. (Doc. 1, at 6-7.) Plaintiff filed a series of 602 appeals with Defendants David Hjerpe, Dr. Ball, Kevin Reilly, and J. Lewis to reverse the denial of treatment, to no avail. (Doc. 1, at 7-8.)

Plaintiff claims that Defendants Carmichael, Estock, Hjerpe, Reilly, Ball, and Lewis all violated Plaintiff's rights "by intentionally interfering with treatment once prescribed" in violation of the Eighth Amendment. (Doc. 1, at 9.) Plaintiff also claims that all Defendants committed the tort of negligence under California state law, violated Plaintiff's Due Process rights, and violated Plaintiff's Equal Protection rights. (Doc. 1, at 9-10.) Finally, Plaintiff claims that all Defendants violated his First Amendment rights when they stopped monitoring Plaintiff's chronic care condition in retaliation for his

filing the 602 appeals. (Doc. 1, at 10.) Plaintiff requests injunctive relief as well as compensatory and punitive damages. (Doc. 1, at 10-11.)

## II.

## PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se and in forma pauperis, filed a section 1983 Complaint, listing six Defendants and five causes of action as described above. (Doc. 1.) Plaintiff also filed an "Order to Show Cause for a Preliminary Injunction," which the Court construed as a motion for a preliminary injunction. (Doc. 18.) Thereafter, Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state any claim for relief. (Doc. 20.) Plaintiff filed a response to the motion to dismiss. (Doc. 23.) For the reasons stated below, the Court recommends that Defendants' motion to dismiss be GRANTED in part and DENIED in part.

## III.

## DISCUSSION

FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). Under 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, the court must assume the truth of all factual allegations and construe them in light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). The court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the court takes judicial notice. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Also, "when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Furthermore, "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively

obtained evidence on summary judgment establishes the identical facts." Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**A. Plaintiff Has Stated an Eighth Amendment Deliberate Indifference Claim Against Defendants.**

In order to state a section 1983 Eighth Amendment claim based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show that both his medical needs were objectively serious, and that defendants were deliberately indifferent to his medical needs. Wilson v. Seiter, 501 U.S. 294, 305-06 (1991).

A physician need not fail to treat an inmate altogether in order to violate the inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of medical opinion concerning the appropriate treatment cannot be the basis for an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). The "more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant." McGuckin v. Smith, 974 F.2d 1050, 1061 (9th Cir.1992). Superimposed on these Eighth Amendment standards is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Shaver v. Runnels, 2005 WL 1837131, at *5 (E.D. Cal. July 29, 2005).

Here, Plaintiff alleges that Defendants Carmichael, Estock, Hjerpe, Reilly, Ball, and Lewis all violated Plaintiff's rights "by intentionally interfering with treatment once prescribed" in violation of the Eighth Amendment. (Doc. 1, at 9.) Defendants argue that Plaintiff "has not suffered any harm, other than his general speculation that his general medical condition could eventually lead to harm." (Doc. 20-1, at 12.) However, Plaintiff has alleged that one physician has recommended that Plaintiff start an expensive medical treatment to avoid cirrhosis of his liver and that Defendants have refused to fulfill the doctor's prescription. Cases such as this involving complex medical issues where Plaintiff contests the type of treatment he should receive requires expert opinion to establish if there was deliberate indiffer-

ence to Plaintiff's serious medical needs. See Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). As noted, the court must accept Plaintiff's allegations as true on this motion to dismiss and construe them in light most favorable to Plaintiff, resolving all doubts in his favor. Therefore, the court will recommend denying Defendants' motion to dismiss Plaintiff's Eighth Amendment claims.

**B. Plaintiff Has Stated a Claim against Defendants under California Law.**

California Government Code § 845.6 provides, in relevant part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, ... a public employee ... is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

To state a claim under § 845.6, a prisoner must establish the following: "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care. 'Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care.'" Jett v. Penner, 439 F.3d 1091, 1098-99 (9th Cir. 2006) (citations omitted).

Again, Defendants argue that because Plaintiff's negligence claim is based upon Defendants' alleged denial of medical care to Plaintiff for a chronic condition and is not a serious need requiring immediate medical care as defined by § 845.6, his California tort claim should be dismissed. However, the Court finds that Plaintiff has stated a claim under California law because Plaintiff basically alleges that he is in immediate need of the treatment recommended by Dr. Shpaner. It would be up to Plaintiff to prove such a claim with expert opinion and, in turn, for the Court to later decide whether Plaintiff's claim falls under the wording of the California Government Code § 845.6 . Thus, the Court does not recommend dismissing Plaintiff's California Law claim against Defendants.

**C. Plaintiff's Due Process Claims against Defendants Should Be Dismissed.**

Although "'certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands,'" Armendariz v. Penman, 75 F.3d 1311, 1320 (9th Cir. 1996) (citation omitted), the Supreme Court has held that where a claim can be analyzed under "an explicit textual source" of rights in the Constitution, a court may not also assess the claim under another, "more generalized" source. Graham v. Connor, 490 U.S. 386, 394-95 (1989); see Chrisman v. Smith, 2010 WL

503043, *7 (S.D. California February 5, 2010) (ruling that the court must evaluate the plaintiff's claims under the standards applicable to the Eighth Amendment and not under the Due Process clause).

In this case, the Eighth Amendment provides specific limits on the type of government conduct complained of by Plaintiff. Therefore, Plaintiff's claim should be analyzed under the Eighth Amendment and not under the Fourteenth Amendment's substantive due process provisions. Accordingly, it is recommended that Defendants' motion to dismiss Plaintiff's Fourteenth Amendment Due Process claims as to all Defendants be granted.

**D. Plaintiff Fails to State an Equal Protection Claim against all Defendants.**

Plaintiff alleges that the Defendants' actions denying him medical treatment which is given to those with liver disease in the later stages violated his right to fair and equal treatment under the Equal Protection clause of the Fourteenth Amendment.

"'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" Sioux city Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923) (citation omitted); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless the plaintiff alleges facts which may prove invidious discriminatory intent. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265-66 (1977).  The plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (citations omitted). Identifiable groups that are protected by the Equal Protection Clause include those grouped by race, religion, and national origin. Damiano v. Florida and Probation Com'n, 785 F.2d 929, 932-33 (11th Cir. 1986). For example, "[p]risoners are protected under the Equal Protection Clause

of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

In this case, Plaintiff's status as having stage 1 hepatitis C does not place him in a suspect class. In fact, Plaintiff alleges that, as a stage 1 hepatitis inmate, he is being treated exactly the same as all the other inmates who have stage 1 hepatitis and is likewise not permitted to take medications reserved for those who are suffering in the later stages of the disease. Plaintiff has not alleged any facts that he is a member of a protected class or facts that would allow the Court to infer discriminatory intent. Accordingly, Plaintiff's claim for violation of the Equal Protection Clause must be dismissed.

**E. Plaintiff Fails to State a First Amendment Retaliation Claim.**

Prison inmates have a First Amendment right to be free from retaliation by prison officials for engaging in protected speech. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Protected speech includes submitting grievances regarding prison conditions. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citations omitted). A viable First Amendment retaliation claim entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-68. The inmate bears the burden of setting forth facts that satisfy each and every element necessary for a prima facie case of retaliation, including that his rights were chilled and the absence of legitimate correctional goals for the conduct about which he complains. Id. at 569.

Here, Plaintiff's retaliation allegations fail to show that his rights were chilled. This is the entirety of Plaintiff's retaliation allegations: "The plaintiff is a chronic care inmate, whose health is to be continually monitored, and in retaliation to the plaintiff filing a 602 health care appeal the defendants have failed to monitor the progress of this potentially deadly disease." (Doc. 1, at 8.) As Plaintiff fails to adequately plead that the retaliatory conduct alleged had a chilling effect upon him, Plaintiff's First Amendment claim must be dismissed.

///
///
///

## **IV.**

## **CONCLUSION**

For the foregoing reasons, the court RECOMMENDS denying Defendants' motion to dismiss Plaintiff's Eighth Amendment claims and California law claims. The Court also RECOMMENDS that Defendant's motion to dismiss Plaintiff's Due Process, Equal Protection, and First Amendment claims against all Defendants be GRANTED.

IT IS ORDERED that, **no later than November 10, 2016**, the parties may file written objections to this Report and Recommendation. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be filed **on or before November 18, 2016**. The parties are advised that failure to file either of these documents within the specified time periods may waive the right to raise objections to the magistrate judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: October 28, 2016

Peter C. Lewis
U.S. Magistrate Judge
United States District Court